Argued and submitted May 2, reversed and remanded in part; otherwise affirmed
August 2, 1995

Richard HOFFMAN, husband,
*Respondent,*

*and*

Crystal HOFFMAN, wife,
*Plaintiff,*

*v.*

Jim DONAHUE,
John Doe 1, John Doe 2 and John Doe 3,
*Defendants,*

*and*

DONAHUE & ASSOCIATES REAL
ESTATE INVESTMENTS, INC.,
an Oregon corporation,
*Appellant.*

(9304-02586; CA A84437)

900 P2d 531

Jennifer E. Huenink argued the cause for appellant. With her on the briefs was MacMillan, Scholz & Marks.

Hank McCurdy filed the brief for respondent.

Before Riggs, Presiding Judge, and Landau and Armstrong, Judges.

RIGGS, P. J.

## RIGGS, P. J.

Plaintiff Richard Hoffman was injured at work when he fell from a roof. Defendant Donahue & Associates Real Estate Investments, Inc., was his employer and did not have workers' compensation coverage for plaintiff. Plaintiff filed a claim, and his claim was processed by the State Accident Insurance Fund Corporation (SAIF) pursuant to ORS 656.054, which paid claimant benefits for medical expenses and time loss.

Plaintiffs then filed this third-party action against defendants. A jury returned a verdict for defendants on plaintiffs' claims for personal injury, intentional infliction of emotional distress, loss of consortium and breach of fiduciary duty by failing to provide prompt medical attention and by pressuring plaintiff not to report his injuries as being work related. The jury returned a verdict for plaintiff Richard Hoffman (plaintiff) on his claim against defendant Donahue & Associates Real Estate Investments, Inc., (defendant) for breach of fiduciary duty by failing to provide workers' compensation insurance, and awarded plaintiff economic and punitive damages. Defendant appeals. Because we conclude that the trial court should have granted defendant's motion to dismiss the breach of fiduciary duty claim on which plaintiff prevailed, we reverse the judgment for plaintiff and remand for entry of judgment for defendant.

The underlying premise of plaintiff's claim is that defendant had a fiduciary duty to plaintiff. Assuming, without deciding, that some circumstances might give rise to a general fiduciary duty by an employer to its employees, we conclude that a failure to maintain workers' compensation insurance would not be actionable as a breach of that duty. The duty to provide workers' compensation coverage is statutory. If coverage is provided, the worker's remedies for work-related injuries are exclusively under the Workers' Compensation Law. ORS 656.018. If coverage is not provided, then the worker is entitled to compensation from an assigned claim agent pursuant to ORS 656.054. The assigned claim agent is then entitled to reimbursement from the Consumer and Business Service Fund, and the noncomplying employer shall reimburse the Fund for all of its costs in processing the claim. ORS 656.054(1). Additionally, the employee may sue

the employer pursuant to ORS 656.020, and "the noncomplying employer is liable as [it] would have been if [the Workers' Compensation Act] had never been enacted." *Id.* The employer may be required to pay civil penalties, ORS 656.735, and may be enjoined from employing subject workers until it has complied with the requirement to obtain insurance.

The legislative scheme does not contemplate a separate right of the claimant to recover against an employer for the failure to comply with the obligation to provide insurance. We have noted the statutory means provided for protecting injured workers of noncomplying employers and for punishing noncompliance. The allowance of a claim for breach of fiduciary duty for the same purposes would be duplicative of that statutory scheme, *see Walsh v. Consolidated Freightways, Inc.*, 278 Or 347, 563 P2d 1205 (1977), and inconsistent with the choices made by the legislature. *See Brewer v. Erwin*, 287 Or 435, 442, 600 P2d 403 (1978). For these reasons, we reverse the trial court's failure to dismiss the claim for breach of fiduciary duty by failing to provide workers' compensation insurance.

Reversed and remanded for entry of judgment for defendant Donahue & Associates Real Estate Investments, Inc., on claim of breach of fiduciary duty by failing to obtain workers' compensation insurance; otherwise affirmed.